IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALVIN STEPHON DEMIRO CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2578-L-BN |
| | § | |
| STATE OF TEXAS and PHILLIP CLARK, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Alvin Stephon Demiro Carter pled guilty to, and was convicted of, theft of property exceeding $300,000, in violation of Texas Penal Code § 31.03, and was sentenced to five years of imprisonment. *See State v. Carter*, No. F-2129687-J (Crim. Dist. Ct. No. 3, Dall. Cnty., Tex. Nov. 29, 2021). Defendant Phillip Clark was the prosecutor.

Carter now brings this civil lawsuit against the State of Texas and Clark, alleging that his civil rights were violated, through which Carter seeks monetary damages ($150 million) and injunctive relief (that "this court dismiss all previously filed claims"). Dkt. No. 3 at 4-5.

United States District Judge Sam A. Lindsay referred Carter's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Although Carter paid the filing fee to bring his claims, considering that the claims as pled are barred by sovereign immunity (as to the State of Texas) and

absolute immunity (as to the prosecutor, Clark), the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should dismiss the complaint unless, within the time to file objections to this recommendation, Carter demonstrates that he can amend his complaint to allege a plausible claim that is not otherwise barred.

## Discussion

Carter's paying the statutory filing fee prevents judicial screening under 28 U.S.C. § 1915. But the Court may still "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on [Federal Rule of Civil Procedure] 12(b)(6) grounds *sua sponte*." (citations omitted)).

"The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

These findings, conclusions, and recommendations provide notice, and the period for filing objections to them affords Carter an opportunity to respond. *See, e.g.*, *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018) (citations omitted), *aff'd*, 763 F. App'x 383 (5th Cir.) (per

curiam), *cert. denied*, 140 S. Ct. 142 (2019).

Preliminarily, Carter seeks through his civil complaint damages and that this federal court set aside a state conviction. But the Court may not consider these separate types of relief in the same case, and, where both are sought and where, like here, the claims can be separated, a court should consider the damages claim. *See Serio v. Members of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) (discussing *Wolff v. McDonnell*, 418 U.S. 539, 554-55 (1974)).

The undersigned therefore turns to the request for damages as applied to each defendant, starting with the State of Texas.

"Absent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022) (citing *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 374, 276 (5th Cir. 2020)). That is, "'[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it.' Texas has not consented by statute, and [42 U.S.C.] § 1983," for example, "does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014), then citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)).

So Carter's claims against the State should be dismissed for lack of jurisdiction.

As to Clark, the Assistant Dallas County District Attorney who prosecuted

Carter, Carter fails to allege that any act by Clark fell "outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dall.*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994), *reversed in part on other grounds*, 141 F. App'x 258 (5th Cir. 2005).

So Clark is entitled to absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)).

Although the analysis above disposes of Carter's claims completely, the undersigned further notes that Carter's civil claims are not cognizable insofar as they are based on a state conviction and sentence that has not been "reversed, invalidated, or otherwise set aside." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (A claim that "falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

As to whether a particular civil claim is subject to the rule in *Heck*,

> [i]t is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"

*Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting, in turn, *Heck*, 512 U.S. at 486-87)).

"That is because 'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ray v. Recovery Healthcare Corp.*, No. 22-10303, 2022 WL 16945898, at *2 (5th Cir. Nov. 15, 2022) (per curiam) (quoting *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quoting, in turn, *Heck*, 512 U.S. at 486)).

Put differently, "*Heck* does not allow a civil rights lawsuit to be an alternative vehicle to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused.'" *Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019) (cleaned up; quoting *Heck*, 512 U.S. at 484).

And, as the United States Court of Appeals for the Fifth Circuit recently reaffirmed, "[t]he *Heck* rule applies whether a plaintiff is currently incarcerated or not." *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023) (citing *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (per curiam)); *Olivier v. City of Brandon, Miss.*, No. 22-60566, 2023 WL 5500223, at *4 (5th Cir. Aug. 25, 2023) ("[I]n this circuit, *Heck* applies even if a § 1983 plaintiff is 'no longer in custody' and 'thus [cannot] file a habeas petition.'" (quoting *Randell*, 227 F.3d at 301)).

## Recommendation

The Court should dismiss Plaintiff Alvin Stephon Demiro Carter's claims

against Defendant State of Texas because those claims are subject to sovereign immunity, a barrier to jurisdiction, and Carter's claims against Defendant Phillip Clark because those claims are barred by absolute immunity.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 29, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE