IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALVIN STEPHON DEMIRO CARTER,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:23-CV-2578-L-BN** |
| **STATE OF TEXAS and PHILLIP CLARK,** | § § § § | |
| Defendants. | § § | |

# ORDER

On November 29, 2023, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 4) was entered, recommending that the court, pursuant to Federal Rule of Civil Procedure 12(b)(6): (1) dismiss without prejudice Plaintiff's claims against the State of Texas for lack of jurisdiction because these claims are subject to sovereign immunity, which is a bar to jurisdiction; and (2) dismiss Plaintiff's claims against Assistant Dallas County District Attorney Phillip Clark as barred by absolute immunity and also "not cognizable insofar as they are based on a state conviction and sentence that has not been 'reversed, invalidated, or otherwise set aside.'" Report 4 (quoting *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).  The Report notes that, although Plaintiff brought this civil action to set aside his state conviction and obtain monetary damages, binding precedent provides that when separate types of relief such as this are sought, a court should also consider the damages claim, which the magistrate judge did here.

Objections to the Report (Doc. 5), which were docketed on December 13, 2023, were filed on behalf of Plaintiff by Alvin S. Carter as Plaintiff's "Agent, Entitlement Holder, and Beneficiary." Obj. 3.  It appears, but it is not clear whether "Alvin S. Carter" is the same person

**Order – Page 1**

as Plaintiff or another individual, perhaps a family member, with a similar name. If filed by someone other than Plaintiff, the court cannot consider the Objections, as there is no indication that the person who filed them is licensed to practice law and represent Plaintiff in this legal proceeding. Even assuming that the Objections were filed by Plaintiff, they are without merit.

The Objections dispute the Report's jurisdictional finding but do not provide any basis for disregarding it or the binding legal precedent in the Report. The Objections assert that the Report was made in bad faith and evinces bias. Again, however, no reasoning is provided for this assertion. The Objections include a "Notice to Rule 602 to the State of Texas" and makes an irrelevant reference to the competency or qualification of a witness to testify. *Id*. at 2. The Objections further assert that Plaintiff's waiver of his rights in the criminal cases was made under duress and coercion such that his actions were not the result of an informed decision. The Objections appear to argue that this is why Plaintiff may sue a state actor or someone acting on behalf of the state. *See id.* Finally, the Objections conclude by threatening that "[a]ny actions taken without the explicit consent of the Principal will be considered a breach of trust and met with appropriate legal remedies." *Id.* at 3. The Objections also attach a copy of a Uniform Commercial Code Filing Acknowledgment for Plaintiff as debtor and Copper Ministries Trust as the secured party or assignee. Like Plaintiff's other Objections, this document does not appear to have any relevance to the Report's grounds for dismissing his claims. It, instead, appears that the Objections are attempting to assert a meritless "sovereign citizen" type of argument. The court, therefore, **overrules** the objections as frivolous and without merit.

Having considered Plaintiff's pleadings, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them

**Order – Page 2**

as those of the court.  Accordingly, the court: (1) **dismisses without prejudice** Plaintiff's claims against the State of Texas for lack of jurisdiction; and (2) **dismisses with prejudice** his remaining claims against prosecutor Phillip Clark for the reasons stated by the magistrate judge.[1]

Because Plaintiff did not request to amend his pleadings in response to the Report or explain how he would be able to cure the deficiencies identified, the court also determines that he has pleaded his "best case" such that giving him an opportunity to amend would be futile and unnecessarily delay the resolution of this litigation.[2]  Moreover, in light of the Report's grounds for dismissing Plaintiff's claims as a matter of law as opposed to insufficient factual allegations, the court finds that no viable claims by Plaintiff could be included in an amended complaint with respect to these claims.[3]  The court notes, however, that, if Plaintiff wishes to reassert his claims over which the court lacks jurisdiction, he may do so in a non-federal forum.  *See Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986) ("A dismissal for want of jurisdiction bars access to federal courts and is res judicata only of the lack of a federal court's power to act. It

---

[1] Although the magistrate judge did not indicate whether the claims against Phillip Clark should be dismissed with or without prejudice, the court determines that they should be dismissed with prejudice.  *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (explaining that claims barred by absolute immunity are appropriately dismissed with prejudice).

[2] The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

[3] *See Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999) (acknowledging the general rule that "[g]enerally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff *an* opportunity to amend" but concluding that the district court did not err in dismissing the plaintiff's retaliation claims with prejudice because it could "perceive of no viable claim [the plaintiff] could include in an amended petition") (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("holding that a district court does not err in dismissing a pro se complaint with prejudice if the court determines the plaintiff has alleged his best case")).

**Order – Page 3**

is otherwise without prejudice to the plaintiff's claims, and the rejected suitor may reassert his claim in any competent court.") (citation and internal quotation marks omitted).

    **It is so ordered** this 22nd day of December, 2023.

                                                         Sam A. Lindsay  
                                                         United States District Judge