IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALVIN STEPHON DEMIRO CARTER, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:23-cv-2578-L-BN |
| § | |
| STATE OF TEXAS and PHILLIP § | |
| CLARK, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Alvin Stephon Demiro Carter pled guilty to, and was convicted of, theft of property exceeding $300,000, in violation of Texas Penal Code § 31.03, and was sentenced to five years of imprisonment. *See State v. Carter*, No. F-2129687-J (Crim. Dist. Ct. No. 3, Dall. Cnty., Tex. Nov. 29, 2021). Defendant Phillip Clark was the prosecutor.

Carter filed this civil lawsuit against the State of Texas and Clark, alleging that his civil rights were violated and seeking monetary damages ($150 million) and injunctive relief (that "this court dismiss all previously filed claims"). Dkt. No. 3 at 4-5.

United States District Judge Sam A. Lindsay referred Carter's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And, on December 22, 2023, the Court, on its own motion – and after overruling the objections to the undersigned's findings, conclusions, and recommendation –

dismissed the claims against the State of Texas without prejudice (because they are subject to the State's sovereign immunity) and the claims against Carter with prejudice as barred by absolute prosecutorial immunity. *See Carter v. Texas*, No. 3:23-cv-2578-L-BN, 2023 WL 9105376 (N.D. Tex. Nov. 29, 2023), *rec. accepted*, 2023 WL 8868495 (N.D. Tex. Dec. 22, 2023).

On January 23, 2024, Carter filed Notice of Demand for Reopening [Dkt. No. 8], which should be considered a motion under Federal Rule of Civil Procedure 60(b) because it was filed more than 28 days after the Court entered judgment. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citing *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)).

Rule 60(b)'s purpose "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan. 1981)).

So "[t]he extraordinary relief [it] afford[s] … requires that the moving party make a showing of unusual or unique circumstances justifying such relief." *Wallace v. Magnolia Family Servs., L.L.C.*, Civ. A. No. 13-4703, 2015 WL 1321604, at *2 (E.D. La. Mar. 24, 2015) (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985)); *see also Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) ("[R]elief under Rule 60(b) is considered an extraordinary remedy," such "that the desire for a judicial process that is predictable mandates caution in reopening judgments." (cleaned up)).

In his construed Rule 60(b) motion, Carter does not quarrel with the dismissal

of the claims against the State based on sovereign immunity but appears to misunderstand that sovereign immunity was not the basis for dismissing the claims against Clark:

> It is understood that the State of Texas and the title of District Attorney carry Sovereign Immunity. However, it is crucial to note that this immunity does not extend to individual actors/employees who may be involved in the case. The application of the Tort Claims Act, Civil Rights Act, and 42 USC 1983 establishes that individuals, including those acting on behalf of the State, are not shielded by Sovereign Immunity in cases involving certain violations of law.
> The Tort Claims Act allows individuals to bring claims against government entities and their employees for certain actions that result in harm. Similarly, the Civil Rights Act and 42 USC 1983 provide avenues for legal recourse when individuals, acting under the color of law, violate the constitutional rights of others.
> It is my contention that the actor/employee (PHILLIP CLARK) have financial interest in the case despite their association with the State of Texas, do not enjoy Sovereign Immunity.

Dkt. No. 8 at 1.

And Clark does not now allege facts that question the Court's basis for dismissing the claims against Clark with prejudice – absolute prosecutorial immunity, which applies where "Carter fail[ed] to allege that any act by Clark fell outside initiating the prosecution and in carrying the case through the judicial process." *Carter*, 2023 WL 9105376, at *2 (cleaned up); *see Wearry v. Foster*, 33 F.4th 260, 266 (5th Cir. 2022) (Because "'harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust,'" "a contemporary prosecutor's charging decision is protected by absolute immunity by virtue of being the functional equivalent of the activity protected at common law," while "a prosecutor's 'investigative activities' are

not entitled to absolute immunity because investigation was not 'part of [a prosecutor's] traditional official functions.'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 423, 430 (1976))), *cert. denied*, 143 S. Ct. 2459 (2023); *see, e.g.*, *Burns v. Reed*, 500 U.S. 478, 489-90 (1991) ("Like witnesses, prosecutors and other lawyers were absolutely immune from damages liability at common law for making false or defamatory statements in judicial proceedings (at least so long as the statements were related to the proceeding), and also for eliciting false and defamatory testimony from witnesses." (collecting cases)).

Carter has therefore failed to show a basis to grant relief under Rule 60(b).

## Recommendation

The Court should deny Plaintiff Alvin Stephon Demiro Carter's construed motion for relief under Federal Rules of Civil Procedure 60(b) [Dkt. No. 8] and should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 25, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE