IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ALVIN STEPHON DEMIRO CARTER,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-2578-L-BN** |
| § | |
| **STATE OF TEXAS and PHILLIP CLARK,** § § | |
| Defendants. § | |

## **ORDER**

The Findings, Conclusions and Recommendation of the United States Magistrate Judge David Horan ("Report") (Doc. 9) was entered on January 25, 2024, recommending that the court construe Plaintiff Alvin Stephon Demiro Carter's ("Plaintiff") Notice of Demand for Reopening ("Motion") (Doc. 8) as a motion under Federal Rule of Civil Procedure 60(b) because it was filed more than 28 days after the court entered final judgment; deny Plaintiff's Motion; and "solely for statistical purposes, reopen and then close this [action]." Report 1. Plaintiff did not file objections to the Report, and the time to do so has expired.

As stated in the Report, on December 22, 2023, the court entered an order (Doc. 6): (1) overruling Plaintiff's objections; (2) accepting the Findings, Conclusions and Recommendation of the United States Magistrate Judge; (3) dismissing without prejudice Plaintiff's claims against Defendant State of Texas for lack of jurisdiction; and (4) dismissing with prejudice Plaintiff's claims against Defendant Phillip Clark, Assistant Dallas County District Attorney, as barred by absolute prosecutorial immunity. *Id.* at 2. That same day the court entered a final judgment (Doc. 7) and directed the clerk of court to close the action. On January 23, 2024, Plaintiff filed his Motion challenging the court's dismissal of his claims against Defendant Phillip Clark; however, his sole

**Order – Page 1**

argument misconstrues the court's reasoning for dismissing those claims. Mot. 1. Specifically, Plaintiff's only argument is that Defendant Phillip Clark is not entitled to sovereign immunity. *Id.* As stated, however, the court dismissed Plaintiff's claims against Defendant Phillip Clark for prosecutorial immunity *not* sovereign immunity. Therefore, the Report concludes that Plaintiff has failed to state a basis to grant relief under Rule 60(b). Report 4.

Having considered the Motion, Report, file, record, and relevant law, the court determines that the magistrate judge's finding and conclusions in the Report are correct and **accepts** them as those of the court. Accordingly, the court **construes** Plaintiff's Motion as a motion pursuant to Rule 60(b); **denies** Plaintiff's Motion; and, only for statistical purposes, **directs** the clerk of court to **reopen** this action, **enter** this order, and then **close** it.

**It is so ordered** this 7th day of May, 2024.

Sam A. Lindsay
United States District Judge